**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL A. ZUCKERMAN,<br><br>Plaintiff,<br><br>v.<br><br>AT&T, INC. and AT&T SERVICES, INC.<br><br>Defendants. | Civil Action No. 3:26-cv-03426-MAD-JBD<br><br>**DEFENDANTS' ANSWER TO COMPLAINT & AFFIRMATIVE DEFENSES**<br><br>*Electronically Filed* |

Defendants AT&T, Inc. and AT&T Services, Inc. ("AT&T Services") (collectively, "Defendants") hereby answer the Complaint of Plaintiff Daniel A. Zuckerman in accordance with the numbered paragraphs thereof and assert affirmative defenses as follows:

The allegations set forth in the unnumbered introductory paragraphs violate Federal Rule of Civil Procedure 10(b), so no response is required. To the extent a response is deemed necessary, Defendants admit that Mr. Zuckerman purports to proceed as stated. Defendants deny the remaining averments in the unnumbered introductory paragraphs. By way of further answer, Defendants specifically deny violating the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, et seq. ("ADEA"), the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, et seq. ("NJLAD"), or any other law and further deny that Mr. Zuckerman is entitled to damages of any kind.

1. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman is an individual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 1 of the Complaint and, therefore, the remaining averments in Paragraph 1 are deemed denied.

2. Admitted.

3. The averments in Paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit only that AT&T, Inc. is incorporated under the laws of the state of Delaware and conducts business at 208 South Akard Street, Dallas, Texas, 75202, and deny the remaining averments in this Paragraph.

4. The averments in Paragraph 4 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit only that AT&T, Inc. is a parent corporation of wholly-owned subsidiaries including AT&T Services and deny the remaining averments in Paragraph 4.

5. Denied.

6. The averments in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit only that AT&T Services is incorporated under the laws of the state of Delaware and conducts business at 208 South Akard Street, Dallas, Texas, 75202, and deny the remaining averments in this Paragraph.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman refers to AT&T Inc. and AT&T Services collectively as “Defendants” and “AT&T.” Defendants deny the remaining averments in Paragraph 11.

12. Denied.

13. Admitted in part; denied in part. Defendants admit only that AT&T Services employed more than twenty people during Mr. Zuckerman's employment with AT&T Services. Defendants deny the remaining averments in Paragraph 13.

14. The averments in Paragraph 14 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit only that AT&T Services employed Mr. Zuckerman. Defendants deny the remaining averments in Paragraph 14.

15. The averments in Paragraph 15 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit only that AT&T Services employed Mr. Zuckerman. Defendants deny the remaining averments in Paragraph 15.

16. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman worked in New Jersey during his employment with AT&T Services. Defendants deny the remaining averments in Paragraph 16.

17. The averments in Paragraph 17 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that Mr. Zuckerman purports to proceed as stated. Defendants deny the remaining averments in Paragraph 17. By way of further answer, Defendants specifically deny violating the ADEA, the NJLAD, or any other law.

18. The averments in Paragraph 18 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 18 are denied; however, Defendants do not dispute that this Court has subject matter jurisdiction over Mr.

Zuckerman's ADEA claim. By way of further answer, Defendants specifically deny violating the ADEA or any other law.

19. The averments in Paragraph 19 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 19 are denied; however, Defendants do not dispute that this Court may exercise supplemental jurisdiction over Mr. Zuckerman's NJLAD claim. By way of further answer, Defendants specifically deny violating the NJLAD or any other law.

20. The averments in Paragraph 20 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 20 are denied; however, Defendants do not dispute that this Court has subject-matter jurisdiction over Mr. Zuckerman's claims against them. By way of further answer, Defendants specifically deny violating the ADEA, the NJLAD, or any other law.

21. The averments in Paragraph 21 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied; however, Defendants do not dispute that this Court has personal jurisdiction over AT&T Services for purposes of this action. By way of further answer, Defendants specifically deny violating the ADEA, the NJLAD, or any other law.

22. The averments in Paragraph 22 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments are denied. By way of further answer, Defendants specifically deny violating the ADEA, the NJLAD, or any other law.

23. The averments in Paragraph 23 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants do not dispute that venue is proper in this Court, but Defendants specifically deny violating the ADEA, the NJLAD, or any other law.

24. Admitted in part; denied in part. Defendants admit only that on or about May 8, 2025, Mr. Zuckerman filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and attached a document purporting to be a copy of that Charge as Exhibit 1 to the Complaint. Defendants deny the remaining averments in Paragraph 24.

25. Admitted.

26. Admitted.

27. The averments in Paragraph 27 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 27 are denied.

28. The averments in Paragraph 28 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 28 are denied.

29. The averments in Paragraph 29 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 29 are denied.

30. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman was employed by AT&T Services for more than 39 years. Defendants deny the remaining averments in Paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31 of the Complaint and, therefore, the averments in Paragraph 31 are deemed denied.

32. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman began employment with AT&T Services on or about May 1, 1985, as a Member of Technical Staff. Defendants deny the remaining averments in Paragraph 32.

33. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman received performance evaluations during his employment at AT&T Services. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 33 of the Complaint regarding Mr. Zuckerman's meaning of "less than satisfactory" and, therefore, the remaining averments in Paragraph 33 are deemed denied.

34. Denied.

35. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman's employment at AT&T Services ended effective January 27, 2025, he was 62 at the time, and he held the position of Level 3 Director – Member of Technical Staff. Defendants deny the remaining averments in Paragraph 35.

36. The averments in Paragraph 36 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 36 are denied.

37. Denied.

38. Admitted in part; denied in part. Defendants admit only that they have been parties in other lawsuits involving claims of purported age discrimination and that the averments in

Paragraph 38 refer to documents that speak for themselves. Defendants deny any mischaracterizations thereof. Defendants deny the remaining averments in Paragraph 38.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted in part; denied in part. Defendants admit only that John Stankey, CEO, Jeff McElfresh, COO, Pascal Deroches, CFO, and Melissa Arnoldi, Head of Customer Operations, and Krista Pilot, Chief Communications Officer, participated in a webcast. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 about what Mr. Zuckerman "heard" and, therefore, those averments in Paragraph 43 are denied. Defendants deny the remaining averments in Paragraph 43.

44. Defendants deny Paragraph 44 and each subpart therein. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

45. Admitted in part; denied in part. Defendants admit only that on July 28, 2023, Mr. Stankey announced the resignation of Angela Santone, the Head of Human Resources, and the averments in Paragraph 45 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof.

46. Defendants admit only that the averments in Paragraph 46 refer to a document that speaks for itself. Defendants deny any mischaracterizations thereof. Defendants deny the remaining averments in Paragraph 46.

47. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman purports to quote statements from a September 18, 2023 event, but deny the quote reflects the context and entirety of Mr. Stankey's statements. Defendants deny the remaining averments in Paragraph 47.

48. Defendants admit only that the averments in Paragraph 48 refer to a document that speaks for itself. Defendants deny any mischaracterizations thereof.

49. Admitted.

50. Admitted.

51. Admitted in part; denied in part. Defendants admit only that five Directors, including Mr. Zuckerman, Trey Norred, Sunil Srinivasmurthy (53), Satyen Jhaveri (47), and Isilay Baran (48) reported directly to Mr. Verma, and that Mr. Zuckerman was the oldest of those Directors. Defendants deny the remaining averments in Paragraph 51.

52. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman had responsibilities relating to the projects listed in Paragraph 52. Defendants deny the remaining averments in Paragraph 52.

53. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman's 2023 annual performance review reflected ratings of "Achieves" for Results and "Excels" for Behaviors. Defendants deny the remaining averments in Paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman, along with subordinates who also worked on the NESA project, agreed to accept a new role with AT&T Services' Cybersecurity organization under Hussein Fareed. Defendants deny the remaining averments in Paragraph 57.

58. Admitted in part; denied in part. Defendants admit only that, after Mr. Zuckerman moved to his new role at AT&T Services under Mr. Fareed, some of the responsibilities he was performing under Mr. Verma transitioned to Ms. Baran and Mr. Srinivasmurthy and employees under their supervision. Defendants deny the remaining averments in Paragraph 58.

59. Admitted in part; denied in part. Defendants admit only that, after Mr. Zuckerman moved to his new role at AT&T under Mr. Fareed, some of the responsibilities he was performing under Mr. Verma transitioned to Ms. Baran, including his former responsibilities related to NMA, MTS Review Board, and Legacy Voice, and that Toni Noori and Louis Ramos were assigned to report to Ms. Baran effective November 1, 2024. Defendants deny the remaining averments in Paragraph 59.

60. Denied.

61. Admitted in part; denied in part. Defendants admit only that, after Mr. Zuckerman moved to his new role at AT&T Services under Mr. Fareed, some of his responsibilities he was performing under Mr. Verma transitioned to Mr. Srinivasmurthy, and Hung-Kuei Ku was assigned to report to him effective November 1, 2024. Defendants deny the remaining averments in Paragraph 61.

62. Denied.

63. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman and his direct reports who worked for AT&T Services on NESA moved with him to the Cybersecurity organization under Mr. Fareed and that Mr. Zuckerman had fewer direct reports in his new role. Defendants deny the remaining averments in Paragraph 63.

64. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman was the only Level 3 Director at AT&T Services reporting to Mr. Verma who moved to a new role with the Cybersecurity organization under Mr. Fareed. Defendants deny the remaining averments in Paragraph 64.

65. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman was the only Level 3 Director at AT&T Services reporting to Mr. Verma who moved to a new role with the Cybersecurity organization under Mr. Fareed. Defendants deny the remaining averments in Paragraph 65.

66. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman was the only Level 3 Director at AT&T Services reporting to Mr. Verma who moved to a new role with the Cybersecurity organization under Mr. Fareed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 66 regarding unidentified "peers" and, therefore, those averments in Paragraph 66 are deemed denied. Defendants deny the remaining averments in Paragraph 66.

67. Denied.

68. Denied.

69. Admitted.

70. Admitted.

71. Admitted in part; denied in part. Defendants admit only that the averments in Paragraph 71 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof. Defendants deny the remaining averments in Paragraph 71.

72. Denied.

73. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman, Bashar Abdul-Majeed (44), Bill Chandler, and Stephen Duran were Level 3 Directors who reported to Mr. Fareed and that Mr. Zuckerman was the oldest of those Directors. Defendants deny the remaining averments in Paragraph 73.

74. Admitted in part; denied in part. Defendants admit only that, on January 22, 2025, Mr. Fareed met with Mr. Zuckerman and informed him that his position at AT&T Services would be moving from Level 3 Director to Level 2 Associate Director. Defendants deny the remaining averments in Paragraph 74.

75. Admitted in part; denied in part. Defendants admit only that, on January 22, 2025, Mr. Fareed met with Mr. Zuckerman and informed him that his position at AT&T Services would be moving from Level 3 Director to Level 2 Associate Director. Defendants deny the remaining averments in Paragraph 75.

76. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman would be retaining his units under the Long-Term Incentive Plan but would not be receiving additional units as part of the change from the Level 3 Director role to the Level 2 Associate Director role. Defendants deny the remaining averments in Paragraph 76.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman said the word "fucking." Defendants deny the remaining averments in Paragraph 83.

84. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman referenced consulting an attorney. Defendants deny the remaining averments in Paragraph 84.

85. Admitted in part; denied in part. Defendants admit only that Mr. Zuckerman proposed a "counter." Defendants deny the remaining averments in Paragraph 85.

86. Admitted in part; denied in part. Defendants admit only that Ms. Francis told Mr. Zuckerman that she would communicate his "counter" to leadership and get back to him. Defendants deny the remaining averments in Paragraph 86.

87. Admitted in part; denied in part. Defendants admit only that the averments in Paragraph 87 refer to a document that speaks for itself and Defendants deny any mischaracterizations thereof. Defendants deny the remaining averments in Paragraph 87.

88. Defendants admit only that, on January 23, 2025, Mr. Zuckerman emailed Mr. Fareed and Ms. Francis, stating he made an appointment with Neil Mullen on January 28, 2025. Defendants deny the remaining averments in Paragraph 88.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 89, and therefore, the averments in Paragraph 89 are deemed denied.

90. Denied.

91. Denied.

92. Denied.

93. Admitted in part; denied in part. Defendants admit only that on or about January 27, 2025, Mr. Fareed and Ms. Francis met with Mr. Zuckerman and informed him that AT&T Services was terminating his employment, effective immediately. Defendants deny the remaining averments in Paragraph 93.

94. Defendants admit only that the averments in Paragraph 94 refer to a document that speaks for itself. Defendants deny any mischaracterizations thereof.

95. Defendants deny Paragraph 95 and each subpart therein.

96. The averments in Paragraph 96 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 96 are denied.

97. The averments in Paragraph 97 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 97 are denied.

98. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

99. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

100. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

101. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

102. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

103. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

104. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

105. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

106. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

107. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

108. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

109. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

110. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

111. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

112. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

113. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law.

114. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law and further deny Mr. Zuckerman is entitled to damages of any kind.

115. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law and further deny Mr. Zuckerman is entitled to damages of any kind.

116. Denied. By way of further answer, Defendants specifically deny violating the ADEA, NJLAD, or any other law and further deny Mr. Zuckerman is entitled to damages of any kind.

**COUNT I**

117. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

118. Denied. By way of further answer, Defendants specifically deny violating the ADEA or any other law.

119. Denied. By way of further answer, Defendants specifically deny violating the ADEA or any other law and further deny that Mr. Zuckerman is entitled to damages of any kind.

120. Denied. By way of further answer, Defendants specifically deny violating the ADEA or any other law and further deny that Mr. Zuckerman is entitled to damages of any kind.

121. Denied. By way of further answer, Defendants specifically deny that Mr. Zuckerman is entitled to injunctive relief, monetary damages, or relief of any kind.

122. The averments in Paragraph 122 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 122 are denied.

## COUNT II

123. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

124. Denied. By way of further answer, Defendants specifically deny violating the NJLAD or any other law.

125. Denied. By way of further answer, Defendants specifically deny violating the NJLAD or any other law and further deny that Mr. Zuckerman is entitled to damages of any kind.

126. Denied. By way of further answer, Defendants specifically deny violating the NJLAD or any other law and further deny that Mr. Zuckerman is entitled to damages of any kind.

127. Denied. By way of further answer, Defendants specifically deny violating the NJLAD or any other law and further deny that Mr. Zuckerman is entitled to damages of any kind.

128. The averments in Paragraph 128 state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Paragraph 128 are denied.

Defendants deny that Mr. Zuckerman is entitled to the relief requested in Paragraphs (a) through (k) of the Complaint's Prayer for Relief, or to any relief whatsoever.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Mr. Zuckerman, together with costs, attorneys' fees, and such further relief as this Court finds just and proper.

## AFFIRMATIVE DEFENSES

1. Defendants exercised reasonable care to prevent and correct discriminatory and retaliatory behavior, and Mr. Zuckerman unreasonably failed to take advantage of the preventative and corrective opportunity or to avoid harm otherwise.

2. Defendants deny violating the ADEA or any other statute or law; however, if Defendants violated the ADEA, Defendants did not act in reckless disregard to Mr. Zuckerman's rights, and therefore, Mr. Zuckerman is not entitled to liquidated damages.

3. Mr. Zuckerman is not entitled to punitive damages because Defendants made a good faith attempt to comply with the law by adopting policies and procedures designed to prevent unlawful discrimination and retaliation such as that alleged by Mr. Zuckerman.

4. Mr. Zuckerman's claims are barred, in whole or in part, by the applicable statute of limitations to the extent he alleges adverse actions that occurred more than 300 days (for claims arising under the ADEA) before he filed an administrative charge of discrimination with the

applicable administrative agency or two years (for claims under the NJLAD) before he filed this lawsuit.

5. Mr. Zuckerman's claims against AT&T, Inc. are barred because the Court lacks personal jurisdiction over AT&T, Inc.

6. Mr. Zuckerman failed to mitigate his damages, if any, and Defendants are entitled to an offset to the extent of any mitigation.

Dated: June 22, 2026

Respectfully submitted,

*/s/ Tanner McCarron*

Rachel F. Satinsky, Bar No. 017002010
rsatinsky@littler.com
Tanner McCarron, Bar No. 326242020
tmccarron@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

Attorneys for Defendants
AT&T, INC. and AT&T SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June 2026 a copy of the foregoing Answer to Complaint was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings.

*/s/ Tanner McCarron*
Tanner McCarron