**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL A. ZUCKERMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AT&T, INC. and AT&T SERVICES, INC.<br><br>　　　　Defendants. | Civil Action No. 3:26-cv-03426-MAD-JBD<br><br>**JOINT RULE  26(f) REPORT**<br><br>*Electronically Filed* |

Pursuant to the Court's July 6, 2025, Order, and as contemplated by Fed. R. Civ. P. 26(f), Plaintiff Daniel Zuckerman and Defendants AT&T, Inc. and AT&T Services, Inc. ("AT&T Services") aver as follows:

> **(1) A brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case.**

**Plaintiff:** Defendants discriminated against Plaintiff because of his age, subjected him to an age-based hostile work environment, and retaliated against him for engaging in protected activity. After nearly forty years of service, Defendants transferred Plaintiff to a diminished and less desirable role, demoted him, and terminated him at age 62 under false and pretextual circumstances, in violation of the ADEA and NJLAD. Plaintiff began working for AT&T on or about May 1, 1985, had never received an overall performance evaluation less than satisfactory, had never been subject to reprimand or discipline, and held the position of Level 3 Director - Member of Technical Staff at the time of his termination. AT&T maintained a corporate culture hostile to older employees, including age-biased comments from senior leadership and pressure on older employees to leave the company. On January 22, 2025, Defendants informed Plaintiff that he was being downgraded from Level 3 Director to Level 2 Associate Director, with reduced compensation opportunities, and Plaintiff was the only Level 3 Director reporting to Mr. Fareed who was demoted. On January 27, 2025, mere days after Plaintiff opposed AT&T's age discrimination, Defendants terminated his employment. Defendants' stated reason for termination was false and pretextual; in truth, Defendants terminated Plaintiff because of his age and/or protected activity.

**Defendants**: Defendants deny that they discriminated against Mr. Zuckerman, subjected him to a hostile work environment, or retaliated against him. AT&T Services, Mr. Zuckerman's former employer, terminated Mr. Zuckerman's employment because he violated the Company's Code of Business Conduct. Specifically, Mr. Zuckerman yelled "you cannot fucking do this" and pounded a table while meeting with executives. Mr. Zuckerman did so after he learned his job

level was changing. Many employees across the organization experienced the same level change. Effective January 28, 2025, AT&T Services terminated his employment based on that misconduct. AT&T Inc. did not employ Mr. Zuckerman and is not a proper party in this case.

**(2) A description of all discovery that the parties have conducted to date.**

**Plaintiff:** Plaintiff intends to serve initial disclosures, interrogatories, and requests for production of documents by the date of the Rule 16 Conference.

**Defendants:** Defendants intend to serve initial disclosures, interrogatories, and requests for production of documents by the date of the Rule 16 Conference.

**(3) A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems.**

The parties have not encountered any discovery issues to date. The parties will meet and confer and try to resolve discovery issues without involving the Court.

**(4) A description of the parties' further discovery needs.**

**Plaintiff:** Plaintiff intends to take discovery concerning the following (without limitation): Defendants' discriminatory, retaliatory, and pretextual conduct, including the facts and decision-making processes relating to Plaintiff's transfer, demotion, termination, and claimed Code of Business Conduct violation; Defendants' policies, practices, communications, organizational changes, comparators, and decision-makers relevant to Plaintiff's claims; Defendants' pattern or practice of age discrimination; Defendants' asserted defenses, including Defendants' contention that Plaintiff was terminated for misconduct and that AT&T Inc. was not Plaintiff's employer or otherwise a proper party; and Plaintiff's damages.

**Defendants:** At this early stage in the case, Defendants intend to take discovery on the allegations in the Complaint, including the alleged facts giving rise to Mr. Zuckerman's claims of age discrimination, hostile work environment, and retaliation. Defendants will also take discovery on Mr. Zuckerman's claim to damages, including purported emotional distress and his mitigation efforts. Additional discovery may be necessary as the case progresses.

**(5) The parties' estimate of the time needed to complete discovery.**

The parties request the following schedule:

Close of Fact Discovery:                        January 8, 2027

Dispositive Motion:                             February 8, 2027

Deadline for Plaintiff's Expert Report:         February 8, 2027

Deadline for Defendant's Expert Report:     March 8, 2027

Expert Depositions:                          April 8, 2027


**(6) A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports.**

Each party will determine whether to call an expert as the case progresses. The parties respectfully request to reserve the right to retain an expert. The parties' proposed schedule is set forth in Section 5.

**(7) A statement regarding whether there should be any limitation(s) placed upon use of any discovery device and, if so, the reasons the limitation(s) is/are sought.**

The parties agree to the limitations set forth in the Federal Rules of Civil Procedure.

**(8) A description of any special discovery needs of the parties.**

The parties do not anticipate special discovery needs at this time but will meet and confer to the extent necessary before bringing any issue to the Court.

**(9) A statement regarding whether the entry of a Confidentiality Order will be requested.**

Defendants will prepare a Confidentiality Order for Plaintiff's review and the parties will submit it jointly for the Court's consideration.

Respectfully submitted,

*/s/ Kevin Console*
Susan Saint-Antoine, Esq.
Kevin Console, Esq.
Holly W. Smith, Esq. (PHV)
santanto@consolelaw.com
kevinconsole@consolelaw.com
hollysmith@consolelaw.com
CONSOLE MATTIACCI LAW, LLC
110 Marter Ave, Suite 502
Moorestown, NJ 08057
Phone: (856) 854-4000

Dated: July 28, 2026

Attorneys for Plaintiff,
DANIEL A. ZUCKERMAN

Respectfully submitted,

*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky, Bar No. 017002010
rsatinsky@littler.com
Tanner McCarron, Bar No. 326242020
tmccarron@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Dated:  July 28, 2026

Attorneys for Defendants
AT&T, INC. and AT&T SERVICES, INC.